## 3497.  NATIONAL PRODUCE DISTRIBUTING CO. *v.* CAIRO MELON GROWERS ASSOCIATION.

No material error of law appears; and there is some evidence to support the verdict.

DECIDED JANUARY 15, 1912.

Attachment; from city court of Cairo—S. P. Cain, judge pro hac vice.  May 30, 1911.

*R. C. Bell, Ira Carlisle,* for plaintiffs in error.

*M. L. Ledford,* contra.

POWELL, J.  The general theory of the plaintiffs' case was that the defendants contracted to act as their sales agents, and to aid them in the distribution of their melon crops by directing them how and where to ship and sell most advantageously, and that they breached this contract by negligently advising them, so that they shipped the melons to places where, on account of market conditions, a fair price could not be obtained.  Evidence that the melons could have been disposed of at the initial point, for sums largely in excess of the price at which these sales agents sold them at the places to which they directed the melons to be shipped, had some relevancy toward establishing the negligence thus charged by the plaintiffs against the defendants; and the court did not err in admitting the testimony.

Under the contract the defendants agreed to make reports of sales.  The plaintiffs offered in evidence certain writings purporting to be sales reports made by the defendants and signed in their name, proving that they came by due course of mail, in envelopes bearing the defendants' return card, and postmarked at their address.  The defendants objected on the ground of lack of sufficient proof of execution.  As no other sales accounts were received, and as in the absence of these reports the defendants had not accounted for these shipments at all, the error, if any, was not prejudicial. Other similar errors are complained of; but without going into detail (for no novel or important point is presented), we may say, in fine, that the evidence, while not demanding the verdict, authorized it, and that even if any errors were made, they were harmless.                              *Judgment affirmed.*